## Case No. 10,614.

### OTIS v. RIO GRANDE.

[1 Woods, 593.] [1]

Circuit Court, S. D. Alabama. Dec. Term, 1870.

APPEAL—PRACTICE AS TO NOTICE AND BOND—NOTICE IN OPEN COURT—MINUTES OF PROCEEDINGS.

1. Where no rule is prescribed by the court, the practice of the court as to notice of appeal, and the giving and approval of the appeal bond, makes the rule by which parties must be governed.

2. Where notice of appeal in an admiralty cause is given in open court, immediately upon the rendition of the decree, and written notice thereof filed with the clerk, and the penalty of the appeal bond fixed by the court, and an appeal bond in the penalty as fixed by the court is filed and approved by the clerk before the close of the term at which the decree appealed from is rendered: Held, that the appeal was well taken, although neither the term docket nor minutes of the district court recited any of the foregoing facts, or contained any evidence of the appeal.

This cause came on for hearing on the motion of libellant [William Otis] for an order to place the cause upon the docket of this court, the same having been duly appealed from the district court, and bond given as required by law.

Wm. Boyles, E. S. Dargan, and John T. Taylor, for the motion.

George N. Stewart, contra.

WOODS, Circuit Judge. The motion is resisted on the ground that there is no evidence to be found either on the term docket of the district court, or upon its minutes, that an appeal was taken. The want of such entry seems to be admitted. Proctors for libellant state professionally, that on the day the decree was rendered in the district court, they gave notice of appeal, and that the judge allowed it.

------

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

The libellant Otis makes affidavit that he was present in court when the judge decided the cause; that he asked for an appeal in a few minutes after the decision was made; that the court granted the same, and at the same time, on request of counsel, the amount of the bond to be given by libellant was fixed by the court, and a bond was given by him, which was accepted by the clerk.

There is among the files, submitted to the court on this motion, the following paper:

"Otis et al. vs. The Rio Grande—District Court of the United States for the Southern District of Alabama: Sir—The libellants Otis and other parties, who did work on the Rio Grande, intend to appeal from the final decree of the court in this cause to the circuit court. Dargan & Taylor, Proctors."

"To N. W. Trimble, Esq., Clerk: On Monday next the libellants will enter into the proper stipulation at the court room. Dargan & Taylor, Proctors.

"May 14, 1868."

This paper was filed in the district court, and bears the file mark of the clerk, of May 14, 1868.

On May 14, 1868, Otis, the libellant, filed his bond with the clerk of the district court, with security in the sum of $1,000, and the same was approved by the clerk.

This bond recited that an appeal was prayed of the court, and granted.

It further appears that the term of the court at which the decree appealed from was rendered did not close until May 18.

On this showing I cannot doubt that in fact an appeal was taken during the term from the decree of the district court, in this case.

So that the question is fairly presented, whether an entry on the minutes of the court, showing that an appeal was demanded, is essential to the perfecting of the appeal.

The law regulating appeals to the circuit from the district court, in cases of admiralty and maritime jurisdiction, simply provides that an appeal shall be allowed in all cases when the matter in dispute shall, exclusive of costs, exceed the sum of fifty dollars. No form of notice of appeal is prescribed; no time is limited except that the appeal shall be taken to the next term of the circuit court. The law does not prescribe who shall fix the penalty of the bond, or who shall approve the sureties.

All these matters seem to be left by congress to be prescribed by the rules of the court. This has never been done in the district court of this district, so far as I have been able to learn. The whole matter, as is, or was the case in the district court for the eastern district of Massachusetts, is left to custom and practice.

In the case of Norton v. Rich [Case No. 10,352], the district court, on the hearing, decreed wages to the libellant, and no ap-

peal was taken in court, and the court adjourned without day. Three days afterward, the respondent claimed an appeal in the clerk's office, but the district judge refused to allow it, upon the ground that the party was bound to make his appeal before the final adjournment of the court sine die, or within such other period as the court should, upon his application, prescribe. A petition was thereupon addressed to the circuit court in behalf of respondent for relief. On this application Mr. Justice Story says: "The act of congress has provided no mode as to appeal from the decrees of the district to the circuit courts, confining the appeal only to the next circuit court. In this district," he continues, "no regulations as to appeals have ever been made by the district court. The uniform course from the earliest period has been to make the appeal in open court apud acta, before the adjournment of the court. This course of practice is equivalent to a rule of the court, and must be considered as directory to all parties whenever further time to consider of an appeal has been asked for, it has been readily acceded to by an adjournment of the court for that purpose."

The effect of this is that when no rule is prescribed, the practice and custom of the court as to notice of appeal, the giving and approval of the bond makes the rule by which the parties must be governed.

In this case, so far as I can learn, the usual practice in the district court has been followed. Notice of appeal was given in open court, and a bond executed in a sum and with sureties approved by the clerk.

But the difficulty recurs that no notice of appeal was entered upon the docket or minutes of the court. Is this necessary?

The law regulating appeals in cases of admiralty and maritime jurisdiction from district to circuit courts, uses precisely the same language as the law regulating appeals from the circuit to the supreme court of the United States. These provisions of law are in the same section of the same statute, namely, section 2 of the act of March 3, 1803 (2 Stat. 244). The language in both cases is, "an appeal shall be allowed." In both cases the appeal is allowed as a matter of course. There is no discretion lodged with the court. It is the law and not the court that allows the appeal. So that all that is necessary is that notice of the purpose to appeal be given. A motion which would imply a discretion in the court to grant or overrule would be improper. If the granting of the appeal lay in the discretion of the court, and if a motion made and decided in term time were a necessary step in taking an appeal, then I should hold that the record must show the facts. But when no discretion is lodged with the court, and only notice is required, I am of opinion that it is not necessary that it should be proved by the record.

I have said that the statute uses the same language respecting appeals from the circuit to the supreme court as is used in reference to appeals in admiralty from the district to the circuit court. On a motion to dismiss an appeal from the circuit court for the Eastern district of Virginia to the supreme court of the United States in Hudgins v. Kemp, 18 How. [59 U. S.] 537, Taney, C. J., held that it was not necessary to inquire whether the entry made in the order book is to be regarded as a part of the record or merely a memorandum to preserve the history of the case by entering the appeal in the book where it is usually found and would be naturally looked for by the party interested. In either view, this entry was not necessary to give validity to the appeal. In making the appeal the party exercised a legal right. It was made in open court, and the clerk had official knowledge of the fact. And it would have been his duty even if no written memorandum of it had been made to certify it to this court, when the security was approved by the judge and the appeal allowed; and his certificate of the fact is all that is required in the appellate tribunal. He does not certify it as from a copy of the record. The appeal is made orally, and the entry usually made on the minutes or in the order book is to preserve the evidence of the act, and is not necessary to give it validity.

Judge Taney proceeds: "The act of congress does not require an appeal to be made in open court, or to be in writing, or entered on the minutes of the court, or to be recorded. It is often made before a judge in vacation when it cannot be recorded in the order book as a part of the proceedings of the court. And the law makes no difference as to the form in which it is to be made, whether it be taken in court or out of court before a judge. In either case it may be made orally or in writing."

In the case of Innerarity v. Byrne, 5 How. [46 U. S.] 295, the supreme court of the United States held that "when the record transmitted to this court does not show that a citation had been issued and served, it was no ground for dismissing the case, and that the fact might be proved aliunde."

In Martin v. Hunter, 1 Wheat. [14 U. S.] 304, the same court held that it is not necessary that all the steps necessary to give the supreme court jurisdiction should even be on file in the court below, and certainly need not appear to be of record in that court.

In the case in 18 How. [Hudgins v. Kemp]. before referred to, Judge Taney concludes that want of record evidence in the circuit court that an appeal was prayed would be no ground of dismissal, and the certificate of the clerk that it was so prayed is all that is required by the court.

In the case at bar it is established beyond doubt, that in open court an appeal was prayed and allowed, and the amount of the bonds fixed on the very day the decree was

rendered. During the same term of the court, written notice was filed of the appeal and is now found among the files of the case, and before the final adjournment of the court for the term, bonds for appeal were given and approved by the clerk and filed.

Under this state of facts and controlled by the decisions of the supreme court of the United States, above cited, I cannot overrule this motion. It is therefore allowed.

[NOTE. Subsequently, on January 11, 1871, this court rendered a decree reversing the decree of the district court. Case unreported. The parties in whose favor this decree was entered filed their libel in the district court for Louisiana, setting forth the above decree, and averring that pending the proceedings in the district court of Alabama the marshal, under an order of the district judge, had delivered up the steamer, notwithstanding the appeal to the circuit court, which had operated as a supersedeas, and that pending said appeal Ross and Stewart had removed the steamer to New Orleans. The libel asserts a maritime lien, and prays for process. The libel was dismissed. Case unreported. This decree was reversed upon appeal to the circuit court. Case No. 10,613. This last decree was affirmed upon appeal to the supreme court. 23 Wall. (90 U. S.) 458.]